Filed 4/17/13  In re Luis V. CA2/7

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re LUIS V., <br><br> a Person Coming Under the Juvenile Court Law. | B238829 <br><br> (Los Angeles County Super. Ct. No. FJ48648) |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> LUIS V., <br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Shep Zebberman, Juvenile Court Referee.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II and Sonya Roth, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Luis V. appeals from an order of the juvenile court committing him to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ). He contends the juvenile court abused its discretion when it ordered the DJJ commitment. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellant's DJJ commitment resulted from two delinquency petitions, the first concerning an incident in Orange County that occurred when appellant was 14 years old, and the second concerning an incident occurring two years later in Los Angeles County, when appellant was 16 years old. However, the Los Angeles County delinquency petition was adjudicated prior to the earlier Orange County delinquency petition.

In January 2009, Rafael N. and Jonathan M. were in Rafael's car in Santa Ana, when they were approached by appellant and two companions. Appellant demanded Rafael's keys at gunpoint, and his companions assaulted Jonathan M. After Rafael surrendered his car keys, wallet and cell phone, appellant and his companions fled in Rafael's car.[1] Jonathan suffered multiple lacerations and bruising to his face.

On March 17, 2011, Norma Martinez was on a street in Los Angeles when appellant and a companion snatched her purse and fled, causing injury to her finger. The Los Angeles District Attorney filed a delinquency petition alleging appellant had committed robbery (Pen. Code, § 211). In a negotiated disposition, appellant waived his

---

[1]   Because this case was resolved by negotiated disposition, the facts of the underlying offenses are taken from probation officers' reports, which we reviewed after granting appellant's motion to augment the record on appeal with the Los Angeles County Superior Court file.

constitutional rights and admitted he had committed grand theft person (*id*., § 487, subd. (c)). The juvenile court declared appellant a ward of the court, ordered him into a six-month camp community placement program, and dismissed the robbery allegation on the People's motion.

On August 26, 2011, the Orange County District Attorney filed a delinquency petition alleging as to count 1, appellant had committed carjacking (Pen. Code, § 215, subd. (a)), with a special allegation he had personally used a firearm to commit the offense (*id*., § 12022.53, subd. (b)). As to counts 2 and 3, the petition alleged respectively appellant had committed the offenses of receiving stolen property (*id*., § 496d) and assault with force likely to produce great bodily injury (*id*., § 245, subd. (a)(1)).

On October 14, 2011, appellant was transferred from the camp community placement program to the juvenile court in Orange County for a jurisdiction hearing on the August 26 petition. In a negotiated plea, appellant waived his constitutional rights and admitted he had committed carjacking and had personally used a firearm to commit the offense. The juvenile court found true the allegations as to count 1 and the enhancement, calculated the maximum term of confinement as 19 years, dismissed the remaining counts and ordered the case transferred back to Los Angeles County for disposition.

Before entertaining arguments by counsel at the January 11, 2012 disposition hearing, the juvenile court in Los Angeles indicated it had read and considered appellant's "entire" juvenile court file, and its tentative ruling was to order appellant committed to the DJJ.[2]

---

[2] Specifically, the juvenile court stated it had read and considered appellant's entire juvenile court file, including the April 5, 2011 psychological assessment by Dr. Haig Kojian, the April 7, 2011 pre-plea report, the camp progress reports, the Santa Ana Police Department's reports, the December 22, 2011 probation officer's disposition report, which recommended camp community placement, and the January 11, 2012 report of appellant's conduct in juvenile hall pending the disposition hearing.

3

Defense counsel argued that appellant should be ordered into a nine-month camp community placement program. Counsel noted that, apart from two recent episodes at juvenile hall, appellant had behaved well and was on the verge of successfully completing the six-month camp community placement program. However, on the date of his release, appellant was served with a no-bail arrest warrant and transferred to Orange County to face allegations relating to three-year old offenses. Counsel maintained that had the carjacking and related allegations been resolved prior to the grand theft person allegation,[3] appellant would likely have been ordered into a nine-month camp community placement program, which is a suitable less restrictive alternative to a commitment to the DJJ and an appropriate disposition in this case.

The prosecutor argued in favor of a commitment to the DJJ, in light of the serious nature of the carjacking offense, the personal use of a firearm, and the beating suffered by one of the victims.

Following argument, the juvenile court stated it was aware appellant was 14 years old at the time of the carjacking and his current age was 17 years 8 months, and the carjacking predated the grand theft offense. Of concern to the court was the serious nature of appellant's criminal conduct, and his history of self-admitted gang involvement and of marijuana and methamphetamine use. The court was also troubled by appellant's behavior in juvenile hall before the disposition hearing: He was disciplined for flashing gang signs and for using a telephone without permission. The juvenile court found that "[t]he mental and physical condition and qualifications of [appellant] render it probable that [he] will benefit from the reformatory discipline or other treatment provided by the [DJJ]." The court ordered that appellant remain a ward of the court and be committed to the DJJ for a period not to exceed 19 years, which it calculated as nine years for carjacking, plus 10 years for the firearm-use enhancement.

---

**3** During argument, defense counsel repeatedly referred to the offense appellant had committed in Los Angeles County as robbery. The juvenile court noted the robbery allegation had been dismissed after appellant had admitted committing grand theft person as part of a negotiated disposition.

4

## A. *Standard of Review*

"The decision of the juvenile court to commit a juvenile offender to [the DJJ] may be reversed on appeal only by a showing that the court abused its discretion. [Citation.] '[D]iscretion is abused whenever the court exceeds the bounds of reason, all of the circumstances being considered.' [Citation.]" (*In re Carl N.* (2008) 160 Cal.App.4th 423, 431-432.) "A decision by the juvenile court to commit a minor to the [DJJ] will not be deemed to constitute an abuse of discretion where the evidence 'demonstrate[s] probable benefit to the minor from commitment to the [DJJ] and that less restrictive alternatives would be ineffective or inappropriate. [Citation.]' [Citation.]" (*In re Pedro M.* (2000) 81 Cal.App.4th 550, 555-556, disapproved on another ground in *People v. Gonzales* (2013) 56 Cal.4th 353, 375, fn. 6.) "Although the DJJ is normally a placement of last resort, there is no absolute rule that a DJJ commitment cannot be ordered unless less restrictive placements have been attempted. [Citations.]" (*In re M.S.* (2009) 174 Cal.App.4th 1241, 1250.) Moreover, "[i]n evaluating the [juvenile] court's exercise of discretion in committing a minor to [the DJJ], we now do so with punishment, public safety, and protection in mind." (*In re Luisa Z.* (2000) 78 Cal.App.4th 978, 987-988.)

"An appellate court will not lightly substitute its decision for that rendered by the juvenile court. We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them. [Citation.]" (*In re Michael D.* (1987) 188 Cal.App.3d 1392, 1395.) "The term 'substantial evidence' means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion; it is evidence which is reasonable in nature, credible, and of solid value. [Citation.]" (*In re J.K.* (2009) 174 Cal.App.4th 1426, 1433.)

## B. *The DJJ Commitment Was Not an Abuse of Discretion*

Appellant contends the juvenile court abused its discretion because there was insufficient evidence to support the finding that the less restrictive alternative disposition

of the nine-month camp community placement program would be ineffective or inappropriate compared to a commitment to the DJJ. We disagree.

The record before the juvenile court supports the court's decision to commit appellant, who was nearly 18 years old at the time of disposition, to the DJJ. The court carefully considered the less restrictive alternative urged by defense counsel in light of appellant's history of delinquency, his gang involvement, drug use and criminal conduct. Of particular significance to the court was that appellant still self-identified as a gang member and violated rules, despite having recently completed a six-month camp community placement program. While the court was also aware appellant had done well at camp, it could reasonably find that another camp commitment would be ineffective in his rehabilitation.

## DISPOSITION

The order is affirmed.

JACKSON, J.

We concur:

WOODS, Acting P. J.

ZELON, J.

6